Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3995 | **DATE** | 3/31/2004 |
| **CASE TITLE** | Wilkerson vs. Pierce | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Motion to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons given in the attached memorandum opinion, Petitioner's Motion for Appointment of Counsel [Docs. 4&5] is denied and Respondent's Motion to Dismiss [Doc. 10] is granted. The case will be dismissed. All other pending motions are moot and terminated. This case is CLOSED.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 31 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | 16 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| jar(lc) | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID WILKERSON )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>GUY D. PIERCE )<br>)<br>)<br>Respondent. ) | No. 03 C 3995<br><br>HONORABLE DAVID H. COAR |

## MEMORANDUM OPINION AND ORDER

On June 11, 2003, Petitioner David Wilkerson filed a Petition for a Writ of Habeas Corpus in this court. There are two motions presently pending in the case in addition to the underlying habeas petition: (1) Petitioner's Motion for appoinment of cousel; and (2) Respondent's Motion to Dismiss the Petition. For the reasons given in this opinion, the Court denies Petitioner's Motion for Appointment of Counsel and grants Respondent's Motion to Dismiss.

DOCKETED
MAR 31 2004

## DISCUSSION

Respondent's sole ground to dismiss Wilkerson's habeas petition is that it is time-barred. The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one year statute of limitations on the filing of a petition for habeas corpus relief in federal court. See 28 U.S.C. § 2244(d). The one-year statute of limitations begins to run on the date that the prisoner's conviction becomes final, but it is tolled during the pendency of any properly filed state court post-conviction petitions. See 28 U.S.C. § 2244(d)(1)-(2).

Petitioner was convicted in Cook County on May 12, 1994. (Pet. at 1) After conviction,

1



Petitioner appealed to the Illinois Appellate Court. His counsel on appeal filed a motion to withdraw from representation under Anders v. California, 386 U.S. 738 (1967). Petitioner, acting pro se, filed his opposition to his attorney's Anders motion. On March 15, 1996, the Illinois Appellate Court granted Petitioner's attorney's motion to withdraw and affirmed Petitioner's conviction and sentence. Petitioner's conviction became final twenty-one days later on April 5, 1996, when the time lapsed for him to file a petition for leave to appeal the Illinois Supreme Court.

Because the AEDPA did not go into effect until April 24, 1996, state prisoners had one year from the effective date of the statute to comply with the new statute of limitations. The statute of limitations for Wilkerson's federal habeas petition expired on April 24, 1997. During that time, Wilkerson did not make any filings with the state court which would have tolled the statute of limitations. Consequently, his habeas corpus petition is barred by the statute of limitations. Wilkerson's 2002 request for leave to file a late petition for leave to appeal in the Illinois Supreme Court cannot restore the expired statute of limitations.

In light of the expired statute of limitations, the Court denies Petitioner's Motion for Appointment of Counsel. There is no good cause to appoint counsel for the petitioner in a case where the statute of limitations is undisputably expired.

## CONCLUSION

For the reasons stated above, Respondent's Motion to Dismiss is granted. Wilkerson's Petition for a Writ of Habeas Corpus is dismissed for failure to comply with the statute of limitations.

**Enter:**

*[signature]*

**David H. Coar**
**United States District Judge**

**Dated: March 31, 2004**